UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND S.,<br><br>              Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>              Defendant. | Case No.: 3:20-cv-01068-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES**<br><br>**[ECF No. 25]** |

Before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920.[1] ECF No. 25. For the reasons set forth below, the Court **GRANTS** the parties' joint motion.

## I. BACKGROUND

The underlying action involves Plaintiff's appeal of the Social Security Administration's denial of his application for supplemental security income at the agency level. ECF No. 1. After the Commissioner of Social Security ("Defendant") filed the administrative record in lieu of an answer, the Court issued a scheduling order. ECF No. 20. Among other requirements in the scheduling order, the Court directed the parties to engage in formal settlement discussions, and set a deadline of June 11, 2021 for the parties either to stipulate to a dismissal or remand of the case, or to file a Joint Status Report notifying the Court that they were unable to resolve the matter in settlement discussions. *See id.* at 2.

On June 10, 2021, the parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 22. On June 11, 2021, the Court granted the joint motion, remanded the case to the Commissioner of Social Security for further administrative action, and entered a final judgment reversing the final decision of the Commissioner. ECF No. 23. A Clerk's Judgment was entered the same day. ECF No. 24.

On August 30, 2021, the parties filed the instant motion. ECF No. 25. The Court required the parties to submit supplemental briefing (ECF No. 26), which the parties timely filed. ECF No. 27. The parties have jointly requested that Plaintiff's counsel receive compensation for 5.36 hours of work, at $207.78 per hour for 2.82 hours of work done in 2020 and $213.74 for 2.54 hours of work done in 2021, and that two paralegals who

---

[1] Although the joint motion is styled as a motion seeking fees and costs, the amount of costs sought is $0.00. *See* ECF No. 25 at 1. The Court therefore does not address the request for "costs" in its discussion.

assisted Plaintiff's counsel receive compensation for 3.4 hours of work at $143.00 per hour, with the total request discounted[2] to $1,600.00. ECF Nos. 25, 27.

## II. THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[3] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007).

Here, the parties filed the motion for EAJA fees on August 30, 2021, 80 days after final judgment was entered on June 11, 2021. The motion was filed 20 days after the 60-day period expired and falls within the 30-day filing period. Accordingly, the motion for attorney fees is timely.

## III. DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). The Court will address these elements in turn.

### A. Prevailing party

A plaintiff is a prevailing party if he "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v.*

---

[2] In the parties' itemization of fees, the total fee was calculated to be $1,615.04. ECF No. 27-1 at 2. However, in the parties' joint motion, the total fee requested was $1,600. ECF No. 25.

[3] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

*Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Here, Plaintiff is the prevailing party because this case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) ("A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."); *Ulugalu*, 2018 WL 2012330, at *2 (in a case where the parties jointly stipulated to remand, "because the Court granted the Commissioner's proposed order for remand and entered judgment in favor of Plaintiff pursuant to sentence-four, Plaintiff is a prevailing party"); *see* ECF Nos. 22, 23 (remanding the case pursuant to sentence four of 42 U.S.C. § 405(g)).

   B.   **Substantial justification**

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the parties have stipulated to the EAJA amount, and explain that the stipulation "constitutes a compromise settlement of [Plaintiff's] request for EAJA attorney fees[.]" ECF No. 25 at 2. Although Defendant's stipulation does not constitute an admission of liability on its part, the compromise nature of the request is sufficient to find the second element met, given that "Defendant has stipulated to the attorney[] fees and does not argue that the prevailing party's position was substantially unjustified." *Krebs v. Berryhill*, 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18cv1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified."). Furthermore, "[b]ecause the Commissioner filed a voluntary stipulation for remand and the matter was referred to an Administrative Law Judge to make a new determination as to Plaintiff's disability, the Court is persuaded the Commissioner did not have substantial justification for denying Plaintiff disability rights." *Ulugalu*, 2018 WL 2012330, at *3.

\\

### C. Reasonableness of Hours

The parties seek a fee award for 5.36 hours billed by Plaintiff's counsel and 3.4 hours billed by Plaintiff's counsel's paralegals, for a total of 8.76 hours. ECF No. 27-1. The Court finds the number of hours billed by Plaintiff's counsel and paralegals reasonable. *See* 28 U.S.C. § 2412(d); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009); *see also Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating the Ninth Circuit's previous position that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.' [] As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)). Indeed, the number of hours billed is quite modest compared to the typical range seen in social security appeals. *See, e.g.*, *Costa*, 690 F.3d at 1136 (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Krebs*, 2018 WL 3064346, at *2 (finding 21.7 hours billed by plaintiff's counsel and 3.5 hours billed by a paralegal a reasonable number of hours); *Rogers v. Astrue*, No. 1:09-CV-02158-JLT, 2010 WL 4569058, at *6 (E.D. Cal. Nov. 3, 2010) (reducing counsel's compensation for time spent opposing remand and arguing for an immediate award of benefits, but nonetheless finding 9.6 hours billed by an attorney and 2.5 hours billed by a paralegal to be reasonable in a case where, as here, the Commissioner voluntarily remanded a social security appeal pursuant to sentence four of 42 U.S.C. § 405(g)).

### D. Reasonableness of Hourly Rate

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit's hourly EAJA rates for work performed in 2020 and 2021, factoring in increases in the cost of living, were $207.78 and $213.74, respectively. *See* United States

Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Sep. 7, 2021); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g., Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate). Consistent with the Ninth Circuit's hourly EAJA rates, Plaintiff's counsel seeks compensation of $207.78 per hour for work performed in 2020 and $213.74 per hour for work performed in 2021. ECF No. 27-1. As such, the Court finds that the hourly rates billed by counsel are reasonable.

The Court also finds the $143 hourly rate billed by the paralegals at Plaintiff's counsel's firm to be reasonable. Plaintiff's counsel selected this billing rate for EAJA purposes because it "represents the median paralegal billing rate in California as reported in *United States Consumer Law Attorney Fee Survey Report 2017-2018*, pp. 58-59 (R.L. Burdge 2015)[.]" ECF No. 27 at 2; *see also* ECF No. 27-2 at 20 (copy of the cited Burdge Attorney Fee Survey Report). Plaintiff's counsel further notes that the 2015-2019 USAO fee matrix and the 2019 Laffey Matrix support even higher rates for paralegals, at $166 and $203, respectively. *See* ECF No. 27-2 at 43 (USAO fee matrix), 47 (Laffey Matrix).

Courts may consider the *United States Consumer Law Attorney Fee Survey Report* to determine the appropriate market rate for paralegals in a given area. *See, e.g., Ulugalu*, 2018 WL 2012330, at *4; *Rosemary G. V. v. Saul*, No. 3:19-CV-00715-RBM, 2020 WL 6703123, at *5 (S.D. Cal. Nov. 12, 2020) (approving a $130 rate for paralegal fees, but noting that the *United States Consumer Law Attorney Fee Survey Report* provides that the median hourly rate for paralegals in San Diego specifically is $147). *See also* ECF No. 27-2 at 34 (confirming the average paralegal billing rate in San Diego is $147). Accordingly, the Court agrees that a $143 hourly rate for a paralegal in the San Diego area is reasonable.

E.   **Assignment of Rights to Counsel**

The parties jointly request that "[f]ees shall be made payable to [Plaintiff], but if the Department of the Treasury determines that [Plaintiff] does not owe a federal debt, then

the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, pursuant to the assignment executed by [Plaintiff]." ECF No. 25 at 2; *see also* ECF No. 25-1 (agreement signed by Plaintiff stating that the attorney shall seek compensation under the EAJA, and the Plaintiff "shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *Castaneda v. Astrue*, No. EDCV-09-1850-OP, 2010 U.S. Dist. LEXIS 72887, at *6–*8 (C.D. Cal. Jul. 20, 2010) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"); *cf. Hernandez v. Berryhill*, No. 15cv1322-DB, 2017 WL 2930802, at *3 (E.D. Cal. July 10, 2017) (declining to order that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt, because the parties failed to produce evidence of an assignment agreement).

Here, Plaintiff assigned his right to EAJA fees to his attorney. ECF No. 25-1. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to Law Offices of Lawrence D. Rohfling, pursuant to the assignment agreement.

## IV.   CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d) and Costs Pursuant to 28 U.S.C. § 1920 (ECF No. 25) is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $1,600.00; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. *See* ECF No. 25 at 2; *see, e.g., Mendoza v. Saul*, No. 18cv925-SKO, 2020 WL 406773, at *5 (E.D. Cal. Jan 24, 2020).

**IT IS SO ORDERED.**

Dated: September 7, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge