UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 3:20-cv-01068-AHG <br><br> **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1383(d)(2)(B)** <br><br> **[ECF No. 29]** |

Before the Court is Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 1383(d)(2)(B), filed by Plaintiff's counsel Steven G. Rosales on September 7, 2023. ECF No. 29. For the reasons set forth below, the Court **GRANTS** the motion.

**I.     BACKGROUND**

Plaintiff Roland S. ("Plaintiff") filed this action on June 11, 2020, seeking review of the Commissioner of Social Security's ("Commissioner") denial of his application for supplemental security income. ECF No. 1. The parties consented to proceed before a Magistrate Judge on April 8, 2021. ECF Nos. 9, 18. After the Commissioner of Social Security ("Defendant") filed the administrative record in lieu of an answer, the Court issued a scheduling order. ECF No. 20. Among other requirements in the scheduling order, the Court directed the parties to engage in formal settlement discussions, and set a deadline of

June 11, 2021 for the parties either to stipulate to a dismissal or remand of the case, or to file a Joint Status Report notifying the Court that they were unable to resolve the matter in settlement discussions. *See id.* at 2.

On June 10, 2021, the parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 22. On June 11, 2021, the Court granted the joint motion, remanded the case to the Commissioner of Social Security for further administrative action, and entered a final judgment reversing the final decision of the Commissioner. ECF No. 23. A Clerk's Judgment was then entered. ECF No. 24. On September 7, 2021 pursuant to a joint motion, this Court awarded Plaintiff $1,600.00 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 28.

On remand, the Commissioner awarded Plaintiff $81,075.55 in total past due benefits. ECF No. 29-1 at 2. In the instant motion, Plaintiff's counsel Steven Rosales seeks an order awarding him attorney fees in the amount of $12,600.00 for representing Plaintiff in this action, less the amount of $1,600.00 for the EAJA fees previously awarded by the Court, for a net fee award of $11,000 to be paid out of Plaintiff's past-due benefits. ECF No. 29 at 1-2. After counsel filed the motion, the Court set a briefing schedule, directing Plaintiff to file any response in opposition to the motion by September 27, 2023. ECF No. 30. The Acting Commissioner was also directed to file a response to the motion by the same deadline. *Id.* In her response, the Commissioner has taken no position on the reasonableness of counsel's request, instead providing a neutral analysis of the fee request in her role as one "resembling that of a trustee for the claimants." ECF No. 33 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). Despite being given notice of the Motion and his right to file a response by both Mr. Rosales and the Court, Plaintiff has not responded to date. Accordingly, the Court finds the motion ripe for decision.

## II.   LEGAL STANDARD

Section 1383(d)(2) is the attorney fees provision that applies where, as here, a claimant is awarded Supplemental Security Income ("SSI") under Title XVI of the Social

Security Act. *See Barrera Aguilar v. Saul*, No. CV 16-7565 SS, 2019 WL 6175021, at *1 n.2 (C.D. Cal. Sept. 16, 2019). The legal standard for analyzing an attorney fee claim under § 1382(d)(2) is the same as the legal standard for analyzing a similar request under 42 U.S.C. § 406(b) arising from a successful claim for Disability Insurance Benefits ("DIB") under Title II. *Id.* Therefore, case law applicable to requests for attorney fees pursuant to § 406(b) applies with equal force to fee applications arising under § 1383(d)(2), and the Court will refer to § 1383(d)(2) and § 406(b) interchangeably herein. *See* 42 U.S.C. § 1383(d)(2)(A) ("The provisions of section 406 [] shall apply to this part to the same extent as they apply in the case of subchapter II of this chapter."); *see also Gumm v. Colvin*, 2016 WL 4060303, at *2 (C.D. Cal. July 28, 2016) ("[T]he Court analyzes the [§ 1383(d)(2)] Motion as if it were a request for Section 406(b) fees.").

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary[,] the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. In other words, although § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court[,]" courts must nonetheless "review for reasonableness fees yielded by those agreements." *Id.* at 807, 809.

Importantly, the lodestar method of calculating reasonable attorney fees does not apply to an application for § 406(b) or § 1383(d) fees, because such fees are paid out of the claimant's award of past-due benefits, rather than pursuant to a fee-shifting statute. *See id.* at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also*

*Crawford*, 586 F.3d at 1148 (explaining that attorney fee awards under 42 U.S.C. § 406(b), "in contrast" to fee awards assessed against the losing party under fee-shifting statutes, "are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client"). Thus, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness of the fee award, courts must consider "whether the amount need be reduced, not whether the [lodestar] amount should be enhanced." *Crawford*, 586 F.3d at 1149. While there is not a definitive list of factors governing the reasonableness analysis, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Court "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Finally, an attorney who has received both an EAJA fee award and a § 406(b) or § 1383(d) fee award for the same work must refund the smaller of the two awards to the claimant. *Id.*; Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985) (Savings Provision of the EAJA, explaining that where an attorney "receives fees for the same work under both [42 U.S.C. § 406(b)] and [the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee"); *see also Gisbrecht*, 535 U.S. at 796 ("[A]n EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits.") (internal alterations omitted).

### III. DISCUSSION

On April 10, 2019, Plaintiff and the Law Offices of Lawrence D. Rohlfing entered into a Social Security Representation Agreement ("Agreement"). ECF No. 29-2. Pursuant to the Agreement, Plaintiff agreed to pay counsel a contingency fee of 25% of past-due

benefits awarded by the Commissioner upon reversal of any unfavorable ALJ decision for work before the Court. *Id*. ¶ 4. Following remand, the Commissioner issued a fully favorable decision on October 31, 2022. ECF No. 29-3. The Commissioner then issued a Notice of Award on June 23, 2023, approving Plaintiff's claim for past-due benefits dating back to June 2016 in the total amount of $81,075.55. ECF No. 29-4.

Pursuant to Social Security agency regulations, when past-due benefits are awarded to a claimant, the agency will withhold a certain portion of those benefits for payment of court-authorized § 406(b) fee awards, which the agency pays directly to counsel, if possible. ECF No. 33 at 3; *see also* 20 C.F.R. §§ 404.1728(b) ("If a Federal court . . . makes a judgment in favor of a claimant who was represented before the court by an attorney, and the court [] allows the attorney as part of its judgment a fee not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of the judgment, we may pay the attorney the amount of the fee out of [] the amount of the past-due benefits payable"), 404.1730(a) ("We will pay an attorney representative out of your past-due benefits the amount of the fee allowed by a Federal court"). The Commissioner withholds, at most, 25 percent of a claimant's past-due benefits for possible payment of authorized fee awards. ECF No. 33 at 3.

In the instant motion, Plaintiff's counsel seeks a total award of $12,600.00 in attorney fees under the contingency fee contract with Plaintiff, compared to the total withholding of $20,268.75. ECF No. 29-1 at 2. Counsel asks the Court to consider factors including "the nature of the representation and the results achieved, . . . the time expended, consideration of hourly rates, market treatment of contingency, and the relative dearth of qualified counsel for court review of agency determinations" to find the requested fee reasonable. *Id*. Counsel argues that the requested fee amount "would not constitute a windfall and counsel is not responsible for any delay." *Id*. Additionally, because counsel is required to reimburse the $1,600.00 EAJA fee to Plaintiff, counsel requests that the Court order the payment of attorney fees in the amount of only $11,000.00 out of the past-due benefits withheld by the agency, representing the award of $12,600.00 less the EAJA fee

previously awarded. *Id.* at 2.

Upon careful review of the documents submitted, and the applicable law, the Court finds that counsel's fee request is reasonable. Counsel's firm expended 8.76 hours of attorney and paralegal time in representing Plaintiff before the Court—3.4 hours of paralegal time and 5.36 hours of attorney time. ECF No. 29-5 at 1. The *de facto* hourly rate is thus $1,438.35, which—although high, as discussed in further detail below—is in line with hourly rates approved by courts in similar cases, including in this district. *See, e.g.*, *Desiree D. v. Saul*, No. 3:19-CV-01522-RBM, 2021 WL 1564331, at *3 (S.D. Cal. Apr. 20, 2021) (approving a *de facto* hourly rate of $1,494.34); *Martinez v. Saul*, No. 15-CV-1994-BTM-BGS, 2019 WL 3322481, at *2 (S.D. Cal. July 24, 2019) (approving a *de facto* hourly rate of $1,488.83); *Reddick v. Berryhill*, No. 16-CV-29-BTM-BLM, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (approving a *de facto* hourly rate of $1,990 upon reconsideration after previously reducing the fee award to an effective hourly rate of $1,080.26); *Todd v. Saul*, No. EDCV 18-01384-JEM, 2020 WL 8413517, at *2 (C.D. Cal. Dec. 9, 2020) (approving a *de facto* hourly rate of $1,047.62, and collecting Central District of California cases approving *de facto* hourly rates of $1,483.25, $1,435, $1,418, $1,505.26, $1,485.71, and $1,472.86, respectively) (citations omitted).

The Court is mindful that the *de facto* hourly rate requested here is much higher than what would be approved if the Court were to apply the lodestar method to calculate "reasonable" attorney fees. *See, e.g.*, Ronald L. Burdge, Esq., United States Consumer Law Attorney Fee Survey Report 2017-2018, ECF No. 29-6 at 28-29 (reflecting a 95% median attorney rate of $787 per hour for consumer law attorneys in the Los Angeles area,[1] an average hourly rate of $120 for paralegals in the Los Angeles area, and an average hourly rate of $534 for Los Angeles attorneys who, like Mr. Rosales, have been practicing law for 21-25 years); USAO Attorney's Fees Matrix—2015-2021, ECF No. 29-6 at 43 (reflecting

---

[1] Counsel's firm is in the Los Angeles area.

an average hourly rate of $621 for attorneys with 21-30 years of experience and an average hourly rate of $180 for paralegals in 2020-21, in a matrix designed for use in statutory fee-shifting cases in District of Columbia courts); Laffey Matrix, ECF No. 29-6 at 46 (reflecting average hourly rates in 2021-22 of $208 for paralegals $919 for attorneys with more than 20 years of experience, in a matrix designed for use in statutory fee-shifting cases and reflecting rates for lawyers in the D.C. area). However, the directives from the Supreme Court and the Ninth Circuit in *Gisbrecht* and *Crawford* are clear that "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements, looking first to the contingent fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). "Lodestar fees will generally be much less than contingent fees because the lodestar method tends to under-compensate attorneys for the risk they undertook in representing their clients and does not account for the fact that the statute limits attorneys' fees to a percentage of past-due benefits[.]" *Crawford*, 586 F.3d at 1150. Although the Court may consider the lodestar calculation, it should do so "*only as an aid* in assessing the reasonableness of the fee." *Id.* at 1151. Indeed, as mentioned above, the *Reddick* court in this district granted a motion for reconsideration and approved a *de facto* hourly rate of $1,990, after previously reducing the fee award to an hourly rate of $1,080.26, explaining in part that "this approach was erroneous under *Crawford*" because the court had impermissibly adjusted upward from a lodestar, and "perhaps most significantly, the Court erred by failing to consider the full extent of risk borne by contingency fee attorneys in social security cases. . . . Given the deferential standard of review, these cases are hard to win. Counsel bore that risk, and has waited years for payment." 2019 WL 2330895, at *2. Thus, the court determined that the "the requested fee was not a windfall and that the Court's decision to reduce the requested attorney's fee award by 43% failed to respect the primacy of the lawful contingent fee agreement and was made in error." *Id.*

For the same reasons outlined in the reconsideration order in *Reddick*, the Court will

approve the requested fee award here. As counsel discusses in his motion, there is a "dearth of qualified counsel for court review of agency determinations," and "SSI cases are particularly problematic" because "[t]he past due amounts are typically very low because of a lack of retroactivity, offsets for in kind support, and the likely presence of a grant of benefits on a subsequent claim. . . . The only feasible way to encourage competent counsel to bring select SSI cases to federal court is to award the contingent fee in those appropriate cases." ECF No. 29-1 at 2, 5. The Court agrees. Mr. Rosales is an experienced Social Security law attorney who has been practicing in this area since 2002. ECF No. 29-1 at 9, Rosales Decl. ¶ 7. By taking Plaintiff's case, counsel "assumed a substantial risk of not recovering attorney[] fees. At the time that Plaintiff and his counsel signed the contingency fee agreement, Plaintiff had an unfavorable ruling from the ALJ and had just filed this action for judicial review." *Shultz v. Comm'r of Soc. Sec.*, No. 17cv1823-CAB-MDD, 2020 U.S. Dist. LEXIS 147006, at *5–6 (S.D. Cal. Aug. 14, 2020). Moreover, although the contingent-fee agreement in this case provides that counsel is entitled to 25% of the past-due benefits awarded, Mr. Rosales is seeking $12,600.00 in attorney fees, which amounts to only 15.5% of the $81,075.55 in past-due benefits. Therefore, counsel has already reduced the fee request to well below the statutory cap of 25%, further bolstering a finding that the requested fee is reasonable. *See Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("Counsel assumed the risk of nonpayment inherent in a contingency agreement, [and] the fee does not exceed . . . the 25 percent statutory cap[.]").

Plaintiff's counsel has also submitted a billing statement detailing the work performed to litigate this case in federal court. ECF No. 29-5. There is nothing in the record to suggest substandard performance by counsel, or that counsel delayed this litigation in order to amass more in potential fees. As a result of counsel's work, Plaintiff received a favorable decision and a significant award of past-due benefits. Thus, none of the factors outlined in *Gisbrecht* favor reducing the fee award justified by the contingency fee agreement between Plaintiff and his counsel, and the Court concludes that counsel's

request for attorney fees is reasonable. *See Gisbrecht*, 535 U.S. at 808.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 1383(d)(2)(B) (ECF No. 29). The Court **AWARDS** Steven G. Rosales, Esq. § 1383(d)(2)(B) attorney fees in the amount of $12,600.00.

As discussed above, Mr. Rosales previously received an EAJA fee award of $1,600.00, and "an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal alterations omitted). Accordingly, counsel requests that the Court authorize a payment of $11,000.00 to Mr. Rosales out of Plaintiff's past-due benefits, which, when coupled with the $1,600.00 EAJA fee previously awarded to Mr. Rosales, would amount to the total authorized § 1383(d)(2)(B) attorney fee award of $12,600.00. In other words, Plaintiff's past-due benefits will be "increased by the EAJA award" of $1,600.00. *Id.* The Court finds this request is consistent with offset process described by the Supreme Court in *Gisbrecht* and will thus grant it. The Commissioner is **DIRECTED** to certify payment of a fee award of $11,000, made payable to Law Offices of Lawrence D. Rohlfing, Inc., CPC, out of Plaintiff's past-due benefits in accordance with agency policy.

**IT IS SO ORDERED**.

Dated:  October 20, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge